UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SCOTT A. DAVIS, )<br>    Plaintiff, )<br> )<br>  vs. )<br> )<br>BARTHOLOMEW COUNTY JAIL; INITA )<br>SWEET, Individually and as a Nurse for )<br>Bartholomew County Corrections; )<br>JENNIFER CARROLL, Individually and as )<br>an Officer for Bartholomew County )<br>Corrections; NIKKI TUNGETT, )<br>Individually and as an Officer for )<br>Bartholomew County Corrections; BRENT )<br>KING, Individually and as an Officer for )<br>Bartholomew County Corrections; )<br>BRANDON SLATE, Individually and as an )<br>Officer for Bartholomew County )<br>Corrections; KENNETH J. WHIPKER, )<br>Individually and as Bartholomew County )<br>Sheriff; SGT. TOM RAYBURN, )<br>Individually and as Shift Supervisor and )<br>Medical Coordinator for Bartholomew )<br>County Corrections; and MAJOR GARY )<br>MYERS, Individually and as Bartholomew )<br>County Jail Commander, )<br>    Defendants. ) | | 1:07-cv-639-RLY-JMS |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

    Plaintiff, Scott Davis ("Plaintiff"), brings the present suit under 42 U.S.C. § 1983

against the above-captioned Defendants ("Defendants") alleging a violation of his Eighth

1

Amendment right against cruel and unusual punishment as a result of his treatment while incarcerated at the Bartholomew County Jail. Defendants now move for summary judgment. For the reasons set forth below, the court **GRANTS** Defendants' motion.

## II.     Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a summary judgment motion is made and supported by evidence as provided in Rule 56(c), however, the nonmoving party may not rest on mere allegations or denials in its pleadings but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Some alleged factual dispute that does not rise to a genuine issue of material fact will not alone defeat a summary judgment motion. *Id*. at 247–48. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element *essential* to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322 (emphasis added).

In deciding whether a genuine issue of material fact exists, the court views the evidence and draws all inferences in favor of the nonmoving party. *Miranda v. Wis. Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

### III.     Statement of Facts

Plaintiff was incarcerated at the Bartholomew County Jail from April 26, 2005, through May 19, 2005.  (Affidavit of Gary Myers ("Myers Aff.") at ¶ 3, Defendants' Ex. 1).  Plaintiff alleges in his complaint that he was placed in a cell with an inmate who had open sores.  (Complaint at ¶ 4).  Thereafter, Plaintiff alleges that he requested medical attention for a week for sores on the back of his thighs.  (Complaint at ¶¶ 5–6).  After a jail officer looked at Plaintiff's sores and contacted the doctor, another jail officer took Plaintiff to the emergency room on May 16, 2005, pursuant to the doctor's order.  (Complaint at ¶¶ 7–8).  At the hospital, Plaintiff's sores were drained and cultures taken, and he was instructed to return the next day for a follow-up visit.  (Complaint at ¶ 8; Affidavit of Scott Davis ("Davis Aff.") at ¶ 3, Plaintiffs' Ex. 1).  On May 18, 2005, Plaintiff was again taken to the hospital by a jail officer for a fever and severe pain and was admitted.  (Complaint at ¶¶ 9–10; Davis Aff. at ¶ 5).  Plaintiff's infection, which was diagnosed as Methicillin-resistant Staphylococcus aureus ("MRSA") on May 19, 2005, required inpatient hospitalization.  (Davis Aff. at ¶¶ 6–7).  Plaintiff was released from the Bartholomew County Jail on May 19, 2005.  (Myers Aff. at ¶ 3).  Plaintiff filed the present lawsuit on May 21, 2007.  (Complaint).

**IV.    Discussion**

Defendants now move for summary judgment against the individual Defendants on the grounds that Plaintiff filed his complaint beyond the applicable statute of limitations and, in the alternative, that Plaintiff fails to establish a violation of his Eighth Amendment rights. The court addresses these arguments, in turn, below.

**A.    Statute of Limitations**

Claims under § 1983 are subject to the state statute of limitations governing personal injury actions in the state where the alleged injury occurred. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Indiana, the statute of limitations for personal injury actions is two years after the cause of action accrues. IND. CODE § 34-11-2-4(1). While state law governs the statutory period in which a § 1983 cause of action must be brought, federal law governs the date of accrual of that cause of action. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). A claim accrues under § 1983 "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). To determine the accrual date, the court must first identify the injury and then determine the date when the plaintiff could have sued for that injury. *Behavioral Inst. of Ind.*, 406 F.3d at 929. That date should coincide with the date that plaintiff knew or should have known his rights were violated. *Id.*

Where plaintiff alleges jail officials inflicted cruel and unusual punishment by denying him medical care, the cause of action accrues when the jail officials learn

plaintiff "had a condition warranting medical attention yet unreasonably refused to provide that attention." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). However, every time jail officials refuse to treat plaintiff's medical condition, that constitutes a "fresh infliction of punishment" that causes the statute of limitations to start running anew. *Id*.

In this case, Plaintiff alleges he was injured, i.e. his Eighth Amendment rights were violated, by Defendant failing to provide him prompt medical treatment when he requested it. Specifically, Plaintiff alleges in his complaint that he requested to see the jail nurse for a week to examine his open sores, but he did not receive treatment during that period. Plaintiff first received medical treatment on May 16, 2005, when a jail officer took Plaintiff to the emergency room pursuant to the recommendation by a physician. At that point, Plaintiff's sores were drained and cultures were taken, but Plaintiff returned to the jail. Two days later, on May 18, 2005, Plaintiff returned to the hospital with a fever and severe pain and was admitted due to the seriousness of his infection related to the sores. Based upon these facts, Plaintiff's cause of action would have accrued no later than May 16, 2005, when Defendants ultimately heeded Plaintiff's requests for medical treatment. Although Plaintiff argues that he was not diagnosed with MRSA until May 19, 2005, and thus his cause of action did not accrue until that date, the court disagrees. Plaintiff's alleged constitutional deprivation was Defendant's failure to treat Plaintiff's serious medical need. Defendants took Plaintiff to the hospital on May 16, 2005, for treatment of his sores. Thus, that date is the last date on which Defendants

5

could have arguably refused to treat Plaintiff.

Plaintiff did not file his case until May 21, 2007, two years and two days after Plaintiff was diagnosed with MRSA and released from jail on May 19, 2005. Because May 19, 2007, was on a Saturday, Plaintiff argues that under Federal Rule of Civil Procedure 6, he had until Monday, May 21, 2007, to file the present complaint. While Plaintiff's interpretation of Rule 6 is correct, his assertion that his cause of action accrued on May 19, 2005, is not. As discussed above, Plaintiff's cause of action would have accrued no later than May 16, 2005, when Defendants ultimately provided him treatment. Plaintiff's claims against the individual Defendants under § 1983 are therefore time-barred, and Defendants are entitled to summary judgment on this ground.[1]

### B. Eighth Amendment Violation

Even if Plaintiff's Eighth Amendment claims under § 1983 were not barred by the statute of limitations, Plaintiff's claims against the individual Defendants would otherwise fail at this stage in the proceedings. To establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a plaintiff must show that the prison officials' conduct was deliberately indifferent to serious medical needs of prisoners. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard

---

[1] Neither party addresses Plaintiff's *Monell* claim in its brief. However, the court finds that the statute of limitations reasoning applied to Plaintiff's claim against the individual Defendants extends to his *Monell* claim as well. Plaintiff's *Monell* claim alleges that his infection and deprivation of medical care was a result of a jail policy, custom, or practice. As discussed above, Plaintiff would have known that such policy/custom/practice violated his constitutional rights no later than May 16, 2005, when he ultimately received medical treatment.

incorporates an objective element relating to the prisoner's medical condition and a subjective element relating to the prison official's state of mind. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764–65 (7th Cir. 2002).

Assuming, *arguendo*, that Plaintiff can establish his sores and subsequent infection were a "serious medical need," Plaintiff fails under the second prong of the analysis. The second prong examines the subjective element of the prison official's state of mind. In order to establish the subjective element, Plaintiff must "proffer evidence 'demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Id.* at 765. In this case, Plaintiff has submitted no proper evidence that any prison official was aware of his sores. The only support Plaintiff cites is an allegation in his complaint that he requested to see the jail nurse for a week before he finally received treatment.

This is insufficient evidence to defeat summary judgment. On summary judgment, the moving party must first point out to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp.,* 477 U.S. at 325. Once the moving party makes this showing, its burden is discharged. *Id.* In response to the moving party's showing, the nonmoving party may not rest merely on the general allegations in its pleading, but must set forth specific facts demonstrating that a genuine issue remains for trial. FED. R. CIV. P. 56(e). Where the nonmoving party fails to make a showing sufficient to establish the existence of an essential element to its case, the moving party is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 322.

In the present case, demonstrating that the prison officials at issue were aware of a known risk to Plaintiff is an essential element to Plaintiff's Eighth Amendment claim. *Jackson*, 300 F.3d at 765. Defendants point out in their brief that Plaintiff has no evidence that any individual defendant deliberately failed to attend to Plaintiff's medical need. (Brief in Support at 7). Plaintiff submits no evidence in response, outside of his complaint, to show that Defendants were aware of, or failed to attend to, Plaintiff's medical need. General allegations in Plaintiff's complaint are insufficient to defeat summary judgment. Plaintiff thus fails to establish this essential element of his claim. Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim against the individual Defendants.

**V.     Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment (Docket # 18) is **GRANTED** as to all of Plaintiff's claims.

**SO ORDERED** this 7th day of March 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Elizabeth Eileen Harper
YEAGER GOOD & BALDWIN PA
harper_elizabeth@sbcglobal.net

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com